1  SEYFARTH SHAW LLP
   Peter E. Romo, Jr. (SBN: 38925)
2  Robin M. Cleary (SBN: 192489)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Plaintiff
   PROTECTIVE LIFE INSURANCE COMPANY
6
   AARON & WILSON, LLP
7  Timothy C. Wilson (SBN: 173928)
   150 Post Street, Suite 400
8  San Francisco, California 94108
   Telephone: (415) 438-7800
9  Facsimile: (415) 438-7808

10 Attorneys for Defendant
   MARIE F. WILLIAMS
11
                        UNITED STATES DISTRICT COURT
12
                        EASTERN DISTRICT OF CALIFORNIA
13
   PROTECTIVE LIFE INSURANCE          )   No. 2:03-cv-02524-MCE-GGH
14 COMPANY,                           )
                                      )
15              Plaintiff,            )
                                      )   **STIPULATED PROTECTIVE ORDER**
16      v.                            )
                                      )
17 MARIE F. WILLIAMS,                 )
                                      )
18              Defendant.            )
                                      )
19 _____    )
                                      )
20 MARIE F. WILLIAMS,                 )
                                      )
21              Counterclaimant,      )
                                      )
22      v.                            )
                                      )
23 PROTECTIVE LIFE INSURANCE          )
   COMPANY,                           )
24                                    )
                Counter-defendant.    )
25 _____

26

27

28

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; General Local Rule 39-141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Party:  any party to this action, including any party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  Information (regardless of how generated, stored or maintained) or tangible things contemplated under Fed. R. Civ. P. 26(c).

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential"

2

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

1        2.7    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

2 designated as "Confidential"

3        2.8    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are

4 retained to represent or advise a Party in this action.

5        2.9    <u>House Counsel</u>:  attorneys who are employees of a Party.

6        2.10    <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well

7 as their support staffs).

8        2.11    <u>Expert</u>:  a person or business entity, including its employees and

9 subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation

10 who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in

11 this action and who is not a current employee of a Party's competitor and who, at the time of

12 retention, has no pending application or offer to become an employee of a Party's competitor.

13 This definition includes a professional jury or trial consultant retained in connection with this

14 litigation.

15        2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support

16 services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

17 organizing, storing, retrieving data in any form or medium; etc.) and their employees and

18 subcontractors.

19    3.    <u>SCOPE</u>

20      The protections conferred by this Stipulation and Order cover not only Protected Material

21 (as defined above), but also any information copied or extracted therefrom, as well as all copies,

22 excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

23 parties or counsel to or in court or in other settings that might reveal Protected Material.

24

25

26

27    4.    <u>DURATION</u>

28

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on the page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

4

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, if possible before the protected testimony if given, but in any event before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days from receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL."

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

///

///

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

6.        CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1        Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2        Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring either directly, that is, in voice-to-voice dialogue, or in writing with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.  The Party designating material as CONFIDENTIAL is under an obligation to respond quickly and substantively to the meet-and-confer efforts of the challenging party.

6.3        Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 78-230 (and in compliance with General Local Rule 39-141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

///

///

6

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts and consultants (as defined in this Order) of the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7

PDF created with pdfFactory trial version www.pdffactory.com

1    (g)    the author of the document or the original source of the information.

2    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

3  <u>OTHER LITIGATION</u>.

4        If a Receiving Party is served with a subpoena, document request or an order

5  issued in other litigation that would compel disclosure of any information or items designated in

6  this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in

7  writing (by fax, if possible) immediately and in no event more than three (3) court days after

8  receiving the subpoena or order.  Such notification must include a copy of the subpoena,

9  document request or court order.

10       The Receiving Party also must immediately inform in writing the Party who

11  caused the subpoena, document request or order to issue in the other litigation that some or all

12  the material covered by the subpoena or order is the subject of this Protective Order.  In addition,

13  the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party

14  in the other action that caused the subpoena, document request or order to issue.

15       The purpose of imposing these duties is to alert the interested parties to the

16  existence of this Protective Order and to afford the Designating Party in this case an opportunity

17  to try to protect its confidentiality interests in the court from which the subpoena, document

18  request or order issued.  The Designating Party shall bear the burdens and the expenses of

19  seeking protection in that court of its confidential material, and nothing in these provisions

20  should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

21  lawful directive from another court.

22    9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

23        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

24  Material to any person or in any circumstance not authorized under this Stipulated Protective

25  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

26  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

27  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

28

PDF created with pdfFactory trial version www.pdffactory.com

1   this Order, and (d) request such person or persons to execute the "Acknowledgment and

2   Agreement to Be Bound" that is attached hereto as Exhibit A.

3        10.   FILING PROTECTED MATERIAL.  Without written permission from the

4   Designating Party or a court order secured after appropriate notice to all interested persons, a

5   Party may not file in the public record in this action any Protected Material.  A Party that seeks

6   to file under seal any Protected Material must comply with General Local Rule 39-141.

7        11.   FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

8   Producing Party, within sixty (60) days after the final termination of this action, each Receiving

9   Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all

10  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

11  reproducing or capturing any of the Protected Material.  With permission in writing from the

12  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

13  of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

14  must submit a written certification to the Producing Party (and, if not the same person or entity,

15  to the Designating Party) by the sixty (60) day deadline that identifies (by category, where

16  appropriate) all the Protected Material that was returned or destroyed and that affirms that the

17  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

18  of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

19  Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

20  memoranda, correspondence or attorney work product, even if such materials contain Protected

21  Material.  Any such archival copies that contain or constitute Protected Material remain subject

22  to this Protective Order as set forth in Section 4 (DURATION), above.

23        12.   MISCELLANEOUS

24        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

25  person to seek its modification by the Court in the future.

26        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

27  Protective Order, no Party waives any right it otherwise would have to object to disclosing or

28  producing any information or item on any ground not addressed in this Stipulated Protective

Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

PDF created with pdfFactory trial version www.pdffactory.com

1    Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

2    the material covered by this Protective Order.

3    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5    DATED: April ___, 2007                    SEYFARTH SHAW LLP

6                                              _____
                                              Robin M. Cleary

7                                              Attorneys for Plaintiff
                                              PROTECTIVE LIFE
8                                              INSURANCE COMPANY

9

10   DATED: April ___, 2007                    AARON & WILSON, LLP

11                                             _____
                                              Timothy C. Wilson

12                                             Attorneys for Defendant
                                              MARIE F. WILLIAMS
13

14   PURSUANT TO STIPULATION, IT IS SO ORDERED, with the exception that once this

15   litigation is terminated, the Court's power of enforcement shall also terminate.

16

17   DATED: July 11, 2007

18                                             _____
                                              MORRISON C. ENGLAND, JR
19                                             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                              10
Stipulated Protective Order; Case No. CIV S-03-2524 MCE GGH

EXHIBIT A

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of California on _____ [date] in the case of *Protective Life Insurance*

*Company v. Marie F. Williams*, Case No. CIV S-03-2524 MCE GGH.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                       [signature]

SF1 28211353.2

11

PDF created with pdfFactory trial version www.pdffactory.com